IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANN SMITH**, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **4:21-cv-03725** |
| **HONORABLE FRANK KENDALL SECRETARY OF THE AIR FORCE**, | § § § § | |
| Defendant, | § | |

**PLAINTIFF JOANN SMITH'S UNOPPOSED MOTION TO TRANSFER VENUE**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Joann Smith (hereinafter referred to as "Plaintiff"), in the above-referenced matter, complaining of and about Defendant Honorable Frank Kendall Secretary of The Air Force (hereinafter referred to as "AIRFORCE" or "Defendant"), and files this Unopposed Motion to Transfer Venue showing to the Court the following:

**I. BACKGROUND**

1. Plaintiff filed this cause of action on November 12, 2021, in the Southern District of Texas, Houston Division. Dkt. 1.

2. Plaintiff filed a First Original Complaint on November 12, 2021. Dkt. 1.

**II. SUMMARY OF ARGUMENT**

This matter must be transferred to the Western District of Texas, San Antonio pursuant to 28 U.S.C. § 1391(b) (1) so that justice may be served. Specifically, this is the judicial district where the Defendant resides, and that is the proper forum for this matter.

### III. STANDARD OF REVIEW

The applicable federal venue transfer statute states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Apparel Production Serv., Inc. v. Transportes De Carga Fema, S.A. de C.V. Eyeglasses*, 546 F.Supp.2d 451, 453 (S.D. TX, 2008). The moving party has the burden to demonstrate to the court why venue should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *In re Volkswagen of Am.*, 506 F.3d 376, 381 (5th Cir.2007).

In determining whether to grant a motion to transfer venue, the court must first consider whether the suit could have originally been filed in the destination venue. *Volkswagen*, 506 F.3d at 380. A court must then consider a number of public and private interests, none of which has dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir.2004)).

The private interests are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interests are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *Id.*

Although defendants typically seek transfer under this particular statute, plaintiffs can move for transfer under this statute as well. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771 (E.D. Texas, 2009). See also *Ferens v. John Deere Company,* 494 U.S. 516, 530, 110 S.Ct.

1274, 108 L.Ed.2d 443 (1990) (refusing to afford "transfers initiated by plaintiffs different treatment from transfers initiated by defendants" to avoid "undesirable complications" and holding "the transferor law should apply regardless of who makes the § 1404(a) motion"). There is a strong presumption favoring the plaintiff's choice of forum. I*n re Triton Limited Securities Litigation*, 70 F.Supp.2d 678, 689 (E.D.Tex.1999), ("the judicial system inherently provides a plaintiff with his choice of forum."

If a court grants a Motion to Transfer the suit, the entire case is transferred to the district court of proper venue. *See* 28 U.S.C. §1406(a). After a §1406(a) transfer, the transferee court should apply the laws that would have applied if the action had been initially filed there. *See Tel-Phonic Servs. V. TBS Int'l,* 975 F.2d 1134, 1141 (5th Cir. 1992).

### IV. ARGUMENT AND ANALYSIS

This matter should be transferred to the U.S. District Court, Western District, San Antonio Division because venue is proper in that District as that is where Defendant resides and is a judicial district in which a substantial part of the events giving rise to Plaintiff's claims against Defendant occurred. Moreover, Defendant is unopposed to this Motion. Further, that is the District in which the suit could have been originally filed.

Because the judicial system provides a plaintiff with his/her choice of forum this matter is properly transferred to the Western District, San Antonio, as Plaintiff's preferred forum and as the proper forum for this matter.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this matter be transferred to the U.S. District Court, Western District, San Antonio division and for such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by her First Original

Complaint or by any proper amendments thereto.

Respectfully submitted,

_____

Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Western District No.: 713316
5120 Woodway Drive, Suite 10010
Houston, TX 77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
alfonso.kennard@kennardlaw.com
filings@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 17th day of November 2021, a true and correct copy of the above and foregoing instrument has been uploaded via the Court's ECF system.

_____
Alfonso Kennard, Jr.