## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**JOANN SMITH,**

     *Plaintiff,*

**v.**                         **Case No. SA-21-CV-1154-JKP**

**FRANK KENDALL, Secretary of the**
**Air Force,**

     *Defendant.*

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is *Plaintiff's Motion to Reconsider* (ECF No. 32). Pursuant to Fed. R. Civ. P. 59(e), Plaintiff moves for reconsideration of the Court's Memorandum Opinion and Order ("M&O") (ECF No. 30) granting Defendant's motion to dismiss (ECF No. 21). Defendant opposes the motion. *See* ECF No. 34. Plaintiff has filed no reply to that response, and the time for doing so has now passed. For the reasons that follow, the Court denies the motion.

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 4 (2022); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label"). Because Plaintiff filed her motion within twenty-eight days of the Final Judgment (ECF No. 31), she properly relies on Rule 59(e).

Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective

function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id.* (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 1703 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id.* (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Here, Plaintiff asserts that the Court "dismissed Plaintiff's retaliation claims by citing to wrong case law and misapplying summary judgment standards at the pleading stage." ECF No. 32 at 1-2. She premises this assertion on the following language from the M&O: "Without factual allegations that permit a reasonable inference that Defendant knew of her protected activity, she has not made enough factual allegations concerning the causal link between her protected activity and her termination." *Id.* at 2 (quoting M&O at 14). She further asserts that the Court referenced cases that applied a summary judgment standard that does not apply to the motion to dismiss considered by the Court. *See id.* Plaintiff submits that it is the purpose of discovery to uncover relevant facts. *Id.*

At the outset, the Court points out that it set out the standard to apply to motions invoking Fed. R. Civ. P. 12(b)(6). M&O at 5-8. Applying that standard, the Court began its analysis of

2

Plaintiff's retaliation claim by providing two paragraphs of legal principles stated in a Fifth Circuit opinion addressing the issues in the context of a motion to dismiss. *See id.* at 13 (citing *Wright   v. Union Pac. R.R. Co.*, 990 F.3d 428, 433-34 (5th Cir. 2021)). It then set out a legal principle represented by *Russell v. McKinney Hospital Venture*, 235 F.3d 219 (5th Cir. 2000), i.e., that courts look to the actual decisionmaker with respect to adverse employment decisions. *See id.*

Plaintiff now correctly contends that *Russell* dealt with the legal issue in the context of a motion for summary judgment. ECF No. 32 at 2. But what Plaintiff fails to recognize is that the Court accurately sets out the legal principle whether the issue is presented in the context of summary judgment or a motion to dismiss. The principle does not change for the two contexts. A legal principle does not become inapplicable in the motion to dismiss context merely because the Fifth Circuit stated the principle in a case at the summary judgment stage. There is no error in citing to *Russell* in the motion to dismiss context. The Court, moreover, did not dismiss Plaintiff's retaliation claim because Plaintiff had failed to identify the decisionmaker – it dismissed the claim because, although Plaintiff was attempting to rely on temporal proximity, her pleadings lacked any allegation that Defendant had the requisite knowledge of her protected activity. M&O at 14.

Furthermore, even if the legal principle from *Russell* was somehow inapplicable in the motion to dismiss context, which is not the case, Defendant asserted the principle in his motion, *see* ECF No. 21 at 12, and Plaintiff's response never mentions the case, let alone argues its inapplicability in the context before the Court, *see* ECF No. 24. Thus, Plaintiff cannot now urge reconsideration on a basis that was squarely available to her when responding to the motion.

Similarly, Plaintiff questions the Court's reliance on its prior decision made in the context of summary judgment in a different case. ECF No. 32 at 2 (citing *Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No. SA-19-CV-0106-JKP, 2022 WL 707225 (W.D. Tex. Mar. 9, 2022)).

But, like *Russell*, the Court cited to *Alvarado* with respect to a legal principle that transcends the context in which it arose. The principle applies in both the context of a motion to dismiss and in the context of a motion for summary judgment. The Court even pointed out that "[a]lthough the Court decided *Alvarado* in the context of summary judgment, its analysis applies similarly in the context of a motion to dismiss." M&O at 14. The Court's reliance on *Alvarado* in the motion to dismiss context is permissible based on the legal principle. There was no error in relying on the case.

Plaintiff takes issue with the Court citing to, but in her opinion not following, a Fifth Circuit case that reversed a Rule 12(b)(6) ruling on appeal. ECF No. 32 at 2-3 (citing *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019)). The Court cited to the case in a parenthetical explaining that *Wright* had quoted it. As pointed out in *Wright*, *Cicalese* vacated a "Rule 12(b)(6) dismissal of a Title VII claim, despite lack of evidence, because plaintiffs plausibly alleged disparate treatment." 990 F.3d at 433 (quoting parenthetical). Neither *Wright* nor *Cicalese* support reconsidering the Court's dismissal of Plaintiff's retaliation claim. The Court properly applied the principles of these cases to the alleged facts made and not made in this case. As pointed out in *Cicalese*, plaintiffs need to "plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." 924 F.3d at 768. This is the precise standard applied in dismissing Plaintiff's retaliation claim. By failing to make "any allegation that Defendant had the requisite knowledge of [her] protected activity," Plaintiff had no plausible basis to use temporal proximity to show a causal link. *See* M&O at 14. Her claim of retaliation thus failed. *Id.*

Plaintiff argues that the Court committed manifest error in its analysis of her discrimination and retaliation claims when it asserted that no reasonable inference could be made that the decisionmakers did not base their decision on her protected class or complaints. ECF No. 32 at 5. She contends that the Court should permit discovery "to uncover who the ultimate decisionmakers were and what knowledge or criteria they used in making the decision to terminate Plaintiff's

employment." *Id*. She asserts that she satisfied "her ultimate burden by providing facts of disparate treatment based on her protected class (race, gender, disability, age) and providing facts of engaging in protected activity." *Id*. at 5-6. She argues that the Court asks her "to provide summary judgment evidence that the decisionmakers either had knowledge or used improper criterion in making the decision." *Id*. at 6. She also makes arguments based on purported comparators. *See id*. at 7-9. As to her retaliation claims, she essentially rehashes the arguments about applying the summary judgment standard to her claims. *See id*. at 10-13.

The Court has not asked Plaintiff to provide evidence to support any claim at the motion to dismiss stage. While it cited to summary judgment cases addressing discrete legal principles, it properly applied the Rule 12(b)(6) standard in light of Plaintiff's factual allegations, which the Court found lacking. There is no error, manifest or otherwise, in citing applicable legal principles. Although Plaintiff makes sweeping assertions regarding satisfying her ultimate burden, her factual allegations are simply lacking as the Court found in ruling on Defendant's motion to dismiss. As for the arguments regarding comparators, the Court agrees with Defendant that the Third Amended Complaint does not identify any comparators, does not use the word "comparator," and does not allege facts to support a plausible discrimination claim. *See* ECF No. 34.

In short, there has been no intervening change in controlling law. Plaintiff has not identified any newly discovered or previously unavailable evidence. While evidence was not required to oppose the motion to dismiss, newly discovered or previously unavailable evidence can still provide a basis for granting a Rule 59(e) motion. Nor has Plaintiff shown any manifest error in law or fact.

Plaintiff's call for discovery to remedy her pleading deficiencies is unpersuasive. As the Fifth Circuit has recently reiterated, an inquiry under Rule 12(b)(6), "focuses not on the sufficiency of the plaintiff's evidence, but rather solely on the allegations contained in the pleadings." *Esquivel v. Kendrick*, No. 22-50979, 2023 WL 5584168, at *3 (5th Cir. Aug. 29, 2023) (citing

*Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)). Parties are not "entitled to discovery prior to the district court's dismissal ruling," because under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008). Plaintiff, furthermore, never suggested in the briefing on the motion to dismiss that discovery was warranted. Moreover, because the Court found Plaintiff's factual allegations completely lacking in specific regards, there was no basis to consider whether discovery could fill in the pleading gaps.

Notably, Plaintiff does not challenge the Court's decision to not permit her to file another amendment. She made no argument that she needed discovery to bolster her factual allegations. She had already filed three amendments. And, when the attorneys conferred about the deficiencies alleged in the motion to dismiss, "Plaintiff was either unable or unwilling to cure the pleading deficiencies." ECF No. 30 at 15. The Court thus found that she had pled her best case. *Id.*

The Court notes that Plaintiff is represented by Ellen Sprovach and Alfonso Kennard, Jr. of Kennard Law PC, but a different attorney (Eddie R. Hodges Jr.) signed the motion for reconsideration, although the motion also lists Mr. Kennard as an attorney for Plaintiff. Through the motion for reconsideration, Plaintiff makes new and perhaps improved arguments against the motion to dismiss. But under Rule 59(e) courts do not address new arguments that the movant could have presented prior to dismissal. The arguments, moreover, do not change the allegations of the pleadings, which the Court found deficient.

For the foregoing reasons, the Court **DENIES** *Plaintiff's Motion to Reconsider* (ECF No. 32).

**SIGNED this 8th day of September 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**